UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

T.K. AND S.K., ON BEHALF OF L.K.,

                                            Plaintiffs,    07-Civ.-9538 (JSR)

             -against-                              **ANSWER**

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                            Defendants.

------------------------------------------------------------------ x

       Defendant, NEW YORK CITY DEPARTMENT OF EDUCATION, by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for its Answer to the Complaint, dated October 24, 2007, respectfully alleges as follows:

1. Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiffs purport to proceed as set forth therein, and respectfully refers the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiffs filed a Notice of Claim with the Office of the Comptroller and that the Office of the Comptroller sent a responsive letter dated January 24, 2005, and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

3. Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiffs purport to invoke the jurisdiction of the Court as alleged therein.

4. Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiffs purport to set forth a basis for venue as alleged therein.

5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that T.K. and S.K. are the parents of L.K. who is a minor child.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admits L.K. attended New York City Department of Education schools and respectfully refers the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

7. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "8" of the Complaint, except admits that plaintiffs purport to proceed as described therein and respectfully refers the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that the New York City Department of Education is the local educational agency in the City of New York.

10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that plaintiffs initiated a proceeding (Case No. 50987) against the New York City Department of Education and respectfully refers the Court to plaintiffs' filings, statements, and submissions in that proceeding for a complete and accurate statement of their contents.

11. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "11" of the Complaint, except admits that Amanda Oren and other

Myerson & Associates functionaries appeared for plaintiffs at times during the proceedings in Case No. 50987.

12. Denies the allegations set forth in paragraph "12" of the Complaint, and respectfully refers the Court to the April 19, 2004 decision of the IHO for a complete and accurate statement of its contents.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except admits that plaintiffs filed a Notice of Claim and respectfully refers the Court to the Notice of Claim for a complete and accurate statement of its contents.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint, except admits that a letter, dated January 25, 2005, was sent from the Office of the Comptroller to Plaintiff and respectfully refers the Court to the January 24, 2005, letter for a complete and accurate statement of its contents.

15. Denies the allegations set forth in paragraph "15" of the Complaint, except admits that plaintiffs initiated a proceeding (Case No. 54896) against the New York City Department of Education and respectfully refers the Court to plaintiffs' filings, statements, and submissions in that proceeding for a complete and accurate statement of their contents.

16. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "16" of the Complaint, except admits that Gary Mayerson and other Myerson & Associates functionaries appeared for plaintiffs at times during the proceedings in Case No. 54896.

17. Denies the allegations set forth in paragraph "17" of the Complaint, except admits that plaintiffs initiated a proceeding (Case No. 54896) against the New York City Department of Education and respectfully refers the Court to plaintiffs' filings, statements, and submissions in that proceeding for a complete and accurate statement of their contents.

18. Denies the allegations set forth in paragraph "18" of the Complaint except admits that plaintiffs initiated a proceeding (Case No. 54896) against the New York City Department of Education, hearings were conducted on September 16, 2005 and October 25, 2005, and respectfully refers the Court to plaintiffs' filings, statements, and submissions in that proceeding for a complete and accurate statement of their contents.

19. Denies the allegations set forth in paragraph "19" of the Complaint, and respectfully refers the Court to the December 6, 2005, decision of the IHO for a complete and accurate statement of its contents.

20. Denies the allegations set forth in paragraph "20" of the Complaint except admits that plaintiffs initiated an appellate proceeding (Case No. 54896) against the New York City Department of Education, and respectfully refers the Court to plaintiffs' filings, statements, and submissions in that proceeding for a complete and accurate statement of their contents.

21. Denies the allegations set forth in paragraph "21" of the Complaint and respectfully refers the Court to the March 29, 2006, decision of the SRO for a complete and accurate statement of its contents, except admits that the New York City Department of Education did not appeal this decision..

22. Denies the allegations set forth in paragraph "22" of the Complaint, except admits that plaintiffs initiated a proceeding against the New York City Department of Education and respectfully refers the Court to plaintiffs' filings, statements, and submissions in that proceeding for a complete and accurate statement of their contents.

23. Denies the allegations set forth in paragraph "23" of the Complaint, except admits that plaintiffs initiated a proceeding (Case No. 105882) against the New York City Department of Education and respectfully refers the Court to plaintiffs' filings, statements, and submissions in that proceeding for a complete and accurate statement of their contents.

24. Denies the allegations set forth in paragraph "24" of the Complaint, except admits that a Findings of Fact and Decision dated January 16, 2007 was issued and respectfully refers the Court to the Findings of Fact and Decision for a complete and accurate statement of its contents, except admits that the New York City Department of Education did not appeal this decision..

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in paragraph "26" of the Complaint and respectfully refers the Court to the case authorities referenced therein for a complete and accurate statement of their contents.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE:**

28. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

29. At all times relevant to the acts alleged in the complaint, the conduct of defendants was lawful.

### THIRD AFFIRMATIVE DEFENSE:

30. Plaintiffs' state law claims are barred in whole or in part, due to Plaintiffs' failure to comply with all conditions precedent to suit.

### FOURTH AFFIRMATIVE DEFENSE:

31. Some or all of plaintiffs' claims are barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE:

32. Plaintiffs have failed to provide documentation and information sufficient to support an award of reasonable attorney's fees.

**WHEREFORE,** defendant requests judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        December 18, 2007

> Michael A. Cardozo
> Corporation Counsel of the
>  City of New York
> Attorney for Defendant New York City Department
> of Education
> 100 Church Street, Room 2-164
> New York, New York 10007
> 212-788-0874
>
> By: _____
>     Chevon Andre Brooks (CB 1616)
>     Assistant Corporation Counsel

To: Gary S. Mayerson, Esq.
Mayerson & Associates
330 West 38th Street, Suite 600
New York, New York 10018
(via ECF)

Index No.: 07-Civ.-9538

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

T.K. AND S.K., ON BEHALF OF L.K.,

Plaintiff(s),

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant(s).

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for THE CITY OF NEW YORK*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: CHEVON ANDRE BROOKS*
*Assistant Corporation Counsel*
*Tel: (212) 788-0874*

*Due and timely service is hereby admitted.*

*New York, N.Y. ..........................., 2007.*

*............................................................ Esq.*

*Attorney for ............................................*